Missouri, Kansas & Texas Railway Company of Texas v. Charles G. Rack.

Decided October 18, 1899.

1. New Trial—Motion for—Newly Discovered Evidence—Affidavit.

An affidavit to a motion for new trial by defendant on the ground of newly discovered evidence, made by its attorney, is insufficient where it discloses that defendant had other agents employed to gather evidence for the defense of its cases, although it states that the evidence was newly discovered as to affiant, and that to his best knowledge and belief it was not known prior to the trial to such other agents,—their affidavits to that effect not being filed.

2. Same—Diligence Not Shown.

That a physician who attended the plaintiff suing for personal injuries had stated that plaintiff denied to him that his sexual organs were impaired, is not such newly discovered evidence as will warrant granting a new trial, where plaintiff's petition alleged impairment of the sexual organs, and defendant had failed, on cross-examination, to ask the physician, testifying by deposition, if plaintiff stated anything to him about impairment of the sexual organs.

APPEAL from Williamson.    Tried below before Hon. R. E. Brooks.

*Fiset & Miller,* for appellant.

*John W. Parker,* for appellee.

KEY, Associate Justice.—Appellee sued appellant for damages on account of personal injuries sustained by him while acting as brakeman one one of appellant's trains. He was thrown from the cars by the train he was on colliding with another train traveling in an opposite direction; and he alleges that the cause of the collision was the negligence of the engineer in charge of the train disregarding the orders to stop at a switch, and failing to apply the air brakes in time to stop the train before it reached the place where it was to pass the other train, or the engineer's failure to give the signals to the train crew for the application of hand brakes, in time to get the train under control and stop it before it reached the meeting point.

There was a jury trial, and verdict and judgment for the plaintiff for $2750.

The verdict is not assailed except by the second assignment, which charges that it is excessive, but appellant's brief contains no statement of the evidence to enable us to determine this question. However, the record discloses evidence that will support the verdict, both on the issue of negligence and the extent of the verdict.

Appellant complains of the action of the court in overruling its supplemental motion for a new trial, based upon newly discovered evidence. The motion and the accompanying affidavits disclose evidence newly discovered by appellant's counsel. One of these affidavits was made by appellant's attorney who tried the case, and it shows, in so far as he is concerned, that the evidence was newly discovered. This affidavit discloses the further fact that appellant had other agents employed to gather facts and evidence for the defense of its cases; and, while the attorney states in his affidavit that according to his best knowledge and belief no other agent of the company knew of the newly discovered evidence prior to the trial, still it does not clearly and distinctly appear that the agents referred to did not have this knowledge. Their affidavits should have been filed, showing that the evidence referred to was unknown to them at and before the time of trial.

Furthermore, the newly discovered evidence merely tends to contradict the testimony of appellee, to the effect that the injuries of which he complains have impaired his sexual organs. Dr. Wooten, the alleged new witness, had already testified in the case by deposition; and while he states in his affidavit that when he examined appellee for treatment he asked him whether he had any weakness or disturbance about his sexual organs, etc., since the date of his injury, and he answered no, in our judgment sufficient excuse is not given for the failure to elicit this testimony by cross-interrogatories propounded to Dr. Wooten at the time his deposition was taken. Appellee alleged in his petition that his sexual powers were impaired by the injuries received, and this put appellant upon notice that testimony would be offered to sustain this averment; and, having notice by the direct interrogatories propounded to Dr. Wooten that appellee had been under treatment by him, if appellant desired to know what statements appellee had made to him on the subject referred to, it should have asked him on cross-examination what, if anything, appellee had stated concerning the effect of his injuries upon his sexual organs.

We hold that sufficient diligence to procure this testimony has not been shown, and therefore the motion for a new trial was properly overruled.

The charge of the court comprises a full and accurate statement of the law and submission of the case to the jury, and no error was committed in refusing the special instructions requested. The judgment is affirmed.

*Affirmed.*

Writ of error refused.