CASE 31—PROCEEDINGS TO ESTABLISH A DITCH OVER THE LANDS OF ANOTHER—MARCH 7.

## Lancaster, &c. v. Leaman, &c.

APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL.   AFFIRMED.

DRAINS AND DITCHES—APPEAL TO CIRCUIT COURT—TRIAL DE NOVO—APPEAL FROM PART OF JUDGMENT—BURDEN OF PROOF—CONCLUDING ARGUMENT TO JURY.

Held:   1. In a proceeding to establish a ditch the judgment of the County Court is, under Kentucky Statutes, section 2396, severable for the purpose of an appeal; and, therefore, upon appeal to the Circuit Court from a judgment awarding damages to the owner over whose land a ditch is established, the court can consider only the question of damages, and the evidence should be confined to that question—there being no appeal by either party from the judgment establishing the ditch.

2. A. joined in an application for a ditch, and the court appointed viewers, who made a report. B. filed a remonstrance, claiming that the ditch should be constructed across the lands of A. Reviewers were appointed, who reported that the ditch should be.

constructed as suggested in the remonstrance. *Held* that, in order to authorize a judgment against A. for benefits, B. was required to show that A. would be benefited by the construction of the ditch, and therefore the burden of proof was on B., and he was entitled to the concluding argument to the jury.

R. G. HILL & WILFRED CARRICO, for appellants.

BURKHEAD & CLEMENTS, for appellees.

(No briefs.)

Opinion of the court by CHIEF JUSTICE PAYNTER—Affirming.

On a former appeal of this case an opinion was delivered, which is found in 52 S. W., 963. On the return of the case it was remanded to the county court, where there was a final judgment establishing the ditch over the lands of the appellant, Lancaster, according to the report of the reviewers. The trial in the county court resulted in a verdict and judgment to the effect that Lancaster was damaged $400 over and above the benefits which he would derive by the construction of the ditch. From the latter judgment an appeal was prosecuted. None of the parties to the proceeding appealed from the judgment of the county court establishing the ditch. On the trial of the question in the circuit court it resulted in a judgment fixing $750 as the benefit which the appellant Lancaster would derive by the construction of the ditch over his land. As there was no appeal by Lancaster or any of the parties from the judgment establishing the ditch, the court confined the evidence to the question which they sought to have reviewed on the appeal.

Section 2397, Kentucky Statutes (part of the act relating to the "drainage of lands"), provides that when there is an appeal from the county court to the circuit court the "case shall stand for trial as all other appeal cases, and shall be tried as other appeal cases are tried in the

circuit court." By reason of this provision of the statute it is insisted for the appellants that the circuit court erred in refusing to consider any question except the one of damages. The theory of counsel for appellants is that, whenever a party to a proceeding to establish a ditch takes an appeal to the circuit court, it necessarily brings before that court for review all questions which were before the county court in the matter of establishing the ditch, as well as the question of the amount of expense each person benefited by it should pay. To the extent that there is an appeal from the judgment of the county court, it is true that it is tried as other appeal cases are tried in the circuit court, which is *de novo*. Except for the statute, the position of counsel would be correct. Section 2396, Kentucky Statutes, reads as follows: "Any person or corporation aggrieved thereby may appeal from any final order or judgment of the court made in the proceedings and entered upon the record, determining either of the following matters: (1) Whether said ditch will be conducive to the public or private health, convenience or welfare. (2) Whether the route thereof is practicable. (3) Whether the assessments made for the construction of the ditch are in proportion to the benefits to be derived therefrom. (4) The amount of damages allowed to any person or persons or corporation. And the appellant shall file with the circuit court clerk an appeal-bond, with at least two free-hold sureties, to be approved by the circuit court clerk, conditioned that he will duly prosecute such appeal and pay all costs that may be adjudged against him in the circuit court: provided, that such appeal-bond shall be filed within ten days after such final order or judgment of the county court is made; and after the lapse of such ten days no appeal can be taken. And if an

appeal be taken the clerk shall withhold his notice to the
viewers or reviewers to make their final report, and he
shall, within twenty days after the appeal-bond is filed
make a transcript of the proceedings had before the
county court and certify the same, together with all the
papers filed in his office pertaining to such proposed work,
to the clerk of the circuit court." A party may be per-
fectly satisfied with one part of the judgment establish-
ing the ditch, and very much dissatisfied as to another part
of it, and thus feel greatly aggrieved as to part of the
judgment.   Whenever the court has determined the ques-
tions enumerated in the section quoted above: First,
whether the ditch will be conducive to public or private
health, etc.; second, whether the route thereof is prac-
ticable; third, whether the assessments made for the con-
struction of the ditch are in proportion to the benefits to
be derived therefrom; fourth, the amount of damages al-
lowed to any person or persons or corporation,—the party
aggrieved may appeal to the circuit court from the whole
of the judgment or a part thereof. Any person who is
a party to a proceeding, and feels aggrieved by any part
of the judgment, and desires to have that part reviewed,
must appeal therefrom.   If one party appeals from a cer-
tain part of the judgment, and does not question the cor-
rectness of the balance of it, it does not give those who
may be made defendants in the appeal that is prosecuted
the right to have the circuit court review the whole judg-
ment that was rendered in the proceeding in the county
court.   Knowing that numerous persons might be parties
to a proceeding like this, and that a variety of questions
would arise, and some might want to appeal from one part
of the judgment, and others from another part that might
be rendered, the Legislature made the judgment of the

county court severable for the purposes of an appeal. In view of this conclusion, it eliminates from our consideration some of the questions which have been made for a reversal of the case. It follows from this conclusion that the court did not err in not allowing the appellant Lancaster to introduce proof to show that the route reported by the viewers was cheaper and better and more practicable than the one reported by the reviewers, and in not allowing him to prove that he could drain his own land at a small expense.

The only question remaining which we think necessary to consider is as to whether the court erred in refusing to allow the appellant Lancaster to assume the burden of proof, and consequently have the closing argument to the jury. Lancaster joined in the application for the ditch, and viewers were appointed to view the proposed route and report thereon. They did report, but appellee Leaman filed a remonstrance, claiming that the ditch should be constructed across the lands of Lancaster; and, as authorized by the statute, reviewers were appointed, who reported that the ditch should be constructed over the lands of Lancaster according to the suggestions in the remonstrance. This being true, then those who joined in the remonstrance had the necessity imposed upon them to show that Lancaster would be benefited by reason of the construction of the ditch. No judgment could have been rendered against Lancaster for benefits unless those who joined in the remonstrance made it appear to the court that it was proper to do so. Therefore the burden was upon them to show the benefits which Lancaster would receive. From this view, it follows that the court did not err in holding that the burden was upon the appellees here.

We are of opinion that the court properly submitted to the jury the questions at issue on the appeal in the circuit court. The judgment is affirmed.

---

CASE 32—ACTION FOR A DECREE ADJUDGING PLAINTIFF TO HAVE AN UN-
DIVIDED INTEREST IN A CITY LOT—MARCH 8.